UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUSSELL TENORIO

      Plaintiff,

      v.

                                      CIV 12-1295 MCA/KBM

BRIAN PITZER, in his individual capacity,
RAYMOND D. SCHULTZ, in his individual capacity,
and CITY OF ALBUQUERQUE,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING STAY OF FURTHER DISCOVERY

      THIS MATTER comes before the Court on Defendants' Motion, and Memorandum In Support of Defendants' Motion for Stay of Discovery and Request for Entry of a Protective Order, filed July 1, 2013 (*Doc. 66*) ("Motion to Stay").   Having carefully reviewed the parties' submissions, the relevant authorities, and being otherwise fully advised, the Court finds that the Motion to Stay is well-taken and will be granted.

## I.   BACKGROUND

      On December 13, 2012, Plaintiff filed his Complaint, alleging constitutional claims under 42 U.S.C. § 1983 arising out of the officer-involved shooting of Plaintiff and the subsequent investigation of the shooting.   *See generally Doc. 1.*   Pursuant to the Scheduling Order entered by this Court on February 19, 2013, discovery commenced and was scheduled to end on June 19, 2013.   *Doc. 18.*   The parties engaged in written discovery, depositions, and Rule 35 examinations of Plaintiff by Defendants' experts.

1

*Docs. 23, 24, 26, 27, 29, 30, 31, 35, 36, 39, 40, 41, 47, 49, 50, 51, 52, 61, and 68.*

On February 23, 2013, April 19, 2013, and June 4, 2013, the Court extended Defendants' deadline for their expert reports disclosures.   *Docs. 21, 37, and 60.*   On June 5, 2013, Defendants filed an Opposed Motion for a Third Rule 35 Evaluation of Plaintiff.   *Doc. 61*.

Approximately six months after Plaintiff filed suit, on June 27, 20013 and July 1, 2013, respectively, Defendant Brian Pitzer filed his Motion for Summary Judgment, and Memorandum in Support Requesting Dismissal of Plaintiff's Complaint on Qualified Immunity Grounds (*Doc. 64*) ("Pitzer's MSJ"), and Defendants filed the instant Motion to Stay (*Doc. 66*).   At the filing of Pitzer's MSJ and the Motion to Stay, discovery had not yet ended, and Defendants had not produced their expert reports under Federal Rule of Civil Procedure 26(a)(2).

The Court entered an Order on July 5, 2013, granting Defendants' motion for a third Rule 35 evaluation of Plaintiff and extending the expert report deadline for Defendants' forensic psychiatric expert by thirty days, until August 22, 2013.   *Doc. 72*. Plaintiff underwent his third Rule 35 evaluation on July 12, 2013.   *Doc. 75* at ¶ 10.

On July 18, 2013, Defendant City of Albuquerque and Defendant Raymond Schultz filed their own Motion for Summary Judgment Requesting Dismissal of Plaintiff's Complaint for Damages from Alleged Violations of Civil Rights, in which Defendant Schultz asserted qualified immunity.   *See Doc. 77.*

## II.   LEGAL STANDARD

As a general rule, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence,

description, nature, custody, condition, and location of any documents or other tangible things and the identity and locations of persons who know of any discoverable matter." FED.R.CIV.P. 26(b)(1).   The Court is empowered to limit discovery under certain circumstances, including when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."   Fed. R. Civ. P. 26(b)(2)(C)(iii).

Similarly, upon a showing of good cause, the Court may grant a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."   Fed. R. Civ. P. 26(c)(1).   "The district court is in the best position to weigh these variables and determine the appropriate limits because, unlike an appellate court, the district court has the ability to view firsthand the progression of the case, the litigants, and the impact of discovery on parties and nonparties."   *Miller v. Regents of Univ. of Colo.*, No. 98-1012, 188 F.3d 518 (Table), 1999 WL 506520 at *12 (10th Cir. 1999) (unpublished).

"[Q]ualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation.   Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred."   *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citation omitted).   Accordingly, in cases where qualified immunity is asserted in a dispositive motion, the movant is ordinarily entitled to a stay of discovery until the qualified immunity question is resolved.   *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman*, 958 F.2d at 336.

3

**III.   DISCUSSION**

In its Motion to Stay, Defendants argue that they should not be unduly or unnecessarily burdened by engaging in additional discovery until a final decision has been reached as to qualified immunity.   *Doc. 66* at 3.   Defendants ask the Court to enter a protective order staying discovery, including a stay in producing expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2), until the qualified immunity issue has reached a final resolution by the presiding judge.   *Id.*   Defendants concede that substantial discovery has already taken place but maintain that they are entitled to a stay of *further* discovery.   *Doc. 81* at 2.

Plaintiff counters that Defendants have mischaracterized *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) as requiring a stay of *all* discovery.   *Doc. 75.*   Reaffirming its long-held view that discovery should be stayed when qualified immunity is asserted, the United States Supreme Court in *Iqbal* reasoned as follows:

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery" . . .   There are serious and legitimate reasons for this.   If a government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the government . . . .

*Iqbal*, 556 U.S. at 685.

Making a distinction between the stay of *all* discovery and the stay of *disruptive* discovery, Plaintiff asks the Court to "consider Defendants' motion within the context of Defendants' decision to engage in substantial discovery before raising qualified immunity

and requesting a stay, and in view of what discovery remains outstanding subsequent to the motion for stay being filed – namely, Defendants' Rule 26 disclosures." *Doc. 75* at 3. Plaintiff notes that Defendants engaged in substantial discovery and, at the time of their Motion to Stay, were continuing to subject Plaintiff to discovery in the form of Rule 35 examinations. *Id.* at 4. Plaintiff suggests that requesting a stay after conducting the discovery that they desired, but immediately before the deadline for their own expert disclosures, demonstrates a desire by Defendants to obtain a tactical advantage as opposed to a desire to conserve governmental resources. *Id.* at 5.

It is permissible, however, for a defendant to raise the qualified immunity defense at various stages, including in an answer, in a motion to dismiss, in a motion for summary judgment, or at or after trial. *See Quezada v. County of Bernalillo*, 944 F.2d 710, 718 (10th Cir. 1991), *overruled on other grounds by Saucier v. Katz*, 553 U.S. 194, 121 (2001). Here, Defendants raised the qualified immunity defense in their Answer and then in two summary judgment motions filed on June 27, 2013 and on July 18, 2013. *See Docs.* 64, 77. Defendants maintain that it was not improper to request a qualified immunity determination and a corresponding discovery stay, even after the commencement of discovery.

Urging the Court to deny Defendants' "late request" for a stay, Plaintiff cites two cases from the District of Colorado: *Rome v. Romero*, 225 F.R.D. 640, 644 (D. Colo. 2004) (indicating that when an official waits until after the commencement of discovery to raise the issue of qualified immunity, it may be appropriate to stay discovery only after the official presents the issue, and to require responses to existing discovery requests) and *Vaughn v. Rhea*, 2006 U.S. Dist. LEXIS 24815, at *3 (D. Colo. 2006) (requiring a police

officer to respond to discovery requests propounded before his assertion of qualified
immunity because he had voluntarily undertaken some of the burdens of litigation before
seeking a stay).

 *Rome* and *Vaughn*, however, were both non-binding, pre-*Iqbal* decisions, and
neither dictates denying the requested stay here.   Before *Iqbal*, it was somewhat
unsettled among courts whether and under what circumstances discovery should be
stayed on the basis of a qualified immunity assertion.   For instance, there was a
long-standing question as to the proper scope of a discovery stay when only certain
defendants were entitled to assert a qualified immunity defense and others were not.
*See, e.g., Rome*, 225 F.R.D. at 644 (determining that discovery could proceed as to those
defendants who could not assert qualified immunity).   However, after *Iqbal*, the law is
clear that discovery should be stayed upon assertion of qualified immunity, even for those
defendants not asserting the defense.   *Iqbal*, 556 U.S. at 685.

 In light of recent directives by the United States Supreme Court and the Tenth
Circuit that discovery be stayed upon the assertion of qualified immunity, the Court
concludes that Defendants here are entitled to a qualified immunity determination before
resuming the burdens of discovery and litigation.   For once a defendant files a dispositive
motion asserting qualified immunity, a court must generally stay discovery.   *See Jiron*,
392 F.3d at 414 (reasoning that because qualified immunity is an entitlement not to face
the burdens of litigation, "[e]ven pretrial matters such as discovery are to be avoided if
possible"); *Workman*, 985 F.2d at 336 (concluding that discovery "should not be allowed"
until the court makes a requested qualified immunity determination).

 That Defendants have already subjected themselves to the burdens of litigation

and discovery for over six months, before filing dispositive motions and requesting a discovery stay, does not dictate that they forfeited their protections from the burdens of litigation and remaining discovery pending a qualified immunity determination.   *See Herrera v. Santa Fe Pub. Schs.*, 11cv0422 JB/KBM, 2012 WL 6846393, at *7 (D.N.M. Dec. 20, 2012) (finding that defendants, who had subjected themselves to litigation and discovery for eighteen months before filing a motion to stay discovery, retained their right under the law to avoid further discovery pending a qualified immunity determination). Neither did Defendants' act of propounding discovery act as a waiver of the privilege to avoid discovery pending a qualified immunity determination.   *See King v. Benford*, 10cv828 JCH/LFG, Doc. 26 (D.N.M. Dec. 7, 2010) (concluding that the defendant's serving of discovery requests upon the plaintiff prior to filing a motion for summary judgment did not preclude him from later asserting qualified immunity and requesting a discovery stay from that point forward).   Notably, Defendants' delay in raising the qualified immunity defense, and engaging in "substantial discovery" before doing so, benefitted Plaintiff in that it afforded him an opportunity to obtain much of his desired discovery.   The Court finds no sound reason under the circumstances here to create an exception, premised upon the timing of Defendants' request, to the general rule that discovery should be stayed pending a determination of qualified immunity.

If, however, Plaintiff believes that certain additional discovery on the issue of qualified immunity is necessary in order for him to adequately respond to the pending summary judgment motions, the Federal Rules of Civil Procedure do provide an avenue for such limited additional discovery.   Plaintiff should demonstrate in an affidavit which discovery is necessary and how that discovery will assist him in overcoming Defendants'

prima facie showings.   *See* Fed. R. Civ. P. 56(d).

Wherefore,

**IT IS HEREBY ORDERED** that Defendants' Motion and Memorandum in Support of Defendants' Motion for Stay of Discovery and Request for Entry of a Protective Order, filed July 1, 2013 (*Doc. 66*) is **granted**.

**IT IS FURTHER ORDERED** that further **discovery is stayed** in this matter pending resolution of Defendant Brian Pitzer's Opposed Motion for Summary Judgment on Qualified Immunity Grounds (*Doc. 64*) and Defendant Raymond Schultz and Defendant City of Albuquerque's Motion for Summary Judgment Requesting Dismissal of Plaintiff's Complaint for Damages from Alleged Violations of Civil Rights (*Doc. 77*).

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Compel Deposition *(Doc. 44)* is therefore denied at this time and can be refiled, if desired, after the stay of discovery is lifted.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE