UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUSSELL TENORIO

    Plaintiff,                                        CIV 12-1295 MV/KBM

                                                 Consolidated with

v.                                            CIV 13-0574 MV/KBM

BRIAN PITZER, et al.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiff's Rule 15 Opposed Motion to Amend Complaint ("Motion to Amend"), filed March 5, 2013. *Doc. 22*. On October 9, 2013, The Honorable Martha Vazquez, the presiding judge in this case, referred this matter to me by Order of Reference. *Doc. 106*.

## I.  Procedural Background

Plaintiff filed his original complaint on December 13, 2012. *Doc. 1*.  On March 5, 2013, he moved to amend the complaint, seeking leave to file his proposed First Amended Complaint for Civil Rights Violations ("proposed amended complaint") pursuant to Federal Rule of Civil Procedure 15. *Doc. 22*.  According to the parties' Joint Status Report and Provisional Discovery Plan and the Court's Order adopting the same, Plaintiff had until April 19, 2013, to move to amend his Complaint. *See Docs. 14, 19*. As such, the Motion to Amend is timely.

Plaintiff's proposed amended complaint adds various factual allegations as well as Count III, a new federal claim against Defendant Pitzer.[2] *See Doc. 22, Ex. A.* In Count III, Plaintiff asserts violations of 43 U.S.C. § 1983 and the Due Process and Equal Protection clauses of the Fourteenth Amendment as well as of Title II of the Americans With Disabilities Act ("ADA"). *Id.* at ¶ 76-83. Factually, Plaintiff alleges that Defendant Pitzer conducted himself in an "escalated and aggressive manner," failing "to use mandatory CIT training to attempt to control the situation . . . [and] reduce the stress of the situation." *Id.* at ¶ 73-74. Plaintiff contends that Defendant Pitzer's actions were "facially discriminatory" against him because of his disabilities and that Defendant Pitzer should have known that he would have a more difficult time following orders than a person without his disabilities. *Id.* at ¶ 75. Defendants oppose the addition of Count III to Plaintiff's proposed amended complaint on the ground of futility.

Since the filing of Plaintiff's original Complaint and Motion to Amend, this matter has been consolidated with *Tenorio v. Ortiz*, 13cv0574 (hereinafter "the Ortiz case"). *See Doc. 96.* Like the proposed amended complaint here, Plaintiff's complaint in the Ortiz case asserts federal claims for denial of his equal protection and substantive due process rights and for a violation of the ADA, albeit on somewhat different factual bases. *See Tenorio v. Ortiz*, 13cv0574 (*Doc. 1, Ex. 1* at ¶ 94-104).[3] The claims asserted in the Ortiz case are not at issue in the instant Motion to Amend.

---

[2] Plaintiff does not specify in his proposed amended complaint which Defendants are liable for the violations alleged in Count III, though he does so with the other counts in his complaint. The allegations, however, relate almost exclusively to Defendant Pitzer, and Plaintiff indicates in his Motion to Amend that Count III "alleges additional federal claims against Defendant Pitzer." *Doc. 22 at 1.* The Court, therefore, construes Count III as only against Defendant Pitzer in his individual capacity.

[3] The claims in the Ortiz case are the subject of an independent Motion to Dismiss for failure to state a claim, which the Court has not yet decided. *See Doc. 6.* Although certain of the arguments in Defendant's Motion to Dismiss parallel those in Defendant's Response to Plaintiff's Motion to Amend

## II.  Legal Standard

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial.  If a party has already amended its pleading once as a matter of course, or a responsive pleading was filed, the party may amend the pleading "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The Court "should freely give leave when justice so requires."  *Id*.  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

## III.  Analysis

Defendants argue that Plaintiff's request to add a Fourteenth Amendment Equal Protection and Due Process Claim Pursuant to § 1983 and an ADA claim should be denied as futile.  *Doc. 25* at 1-2.

### A.  Substantive Due Process Claim

Plaintiff alleges that "Defendant Pitzer arbitrarily denied Mr. Tenorio his right to bodily integrity, his right to equal protection and *substantive due process* rights guaranteed by 42 U.S.C. 1983 and the Due Process Clause of the Fourteenth Amendment to the United States Constitution."  *Doc. 22, Ex. 1*, at ¶ 76 (emphasis added).  As with Plaintiff's original federal claims, the factual assertions underlying Plaintiff's substantive due process claim relate to Defendant Pitzer's use of force

---

here, there are significant factual distinctions in Plaintiff's claims.  For example, Plaintiff alleges that Defendant Ortiz failed to take into account Plaintiff's disability when determining whether Plaintiff formed the requisite intent to commit assault with a deadly weapon, in arresting Plaintiff, and while Plaintiff was recovering in the hospital.  *Tenorio v. Ortiz*, 13cv0574 (Doc. 1, Ex. 1, at ¶ 99-101).  Such claims are absent from Plaintiff's proposed amended complaint at issue here.

against Plaintiff on the evening of November 11, 2010.  Yet the United States Supreme Court has held that excessive force claims arising in the context of arrests or seizures by law enforcement should be analyzed under the Fourth Amendment.  *Graham v. Connor*, 490 U.S. 386 (1989) ("[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims").  Defendants maintain that the subject allegations invoke the Fourth Amendment rather than the Fourteen Amendment.

In his reply brief, Plaintiff concedes that his excessive force claim should be decided under the Fourth Amendment standard of reasonableness rather than under a substantive due process analysis.  *Doc. 28* at 1; *see also Graham*, 490 U.S. at 395 ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive government conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims [of excessive force during arrest].")  Thus, to the extent that Plaintiff's proposed amended complaint asserts a substantive due process claim against Defendant Pitzer for the excessive use of force, Plaintiff should be denied leave to add such a claim.

This concession notwithstanding, the Court's analysis of Plaintiff's Fourteenth Amendment claims does not necessarily end there.  In *County of Sacramento v. Lewis*, 523 U.S. 833 (1998), the Supreme Court reasoned that not "all constitutional claims relating to physically abusive government conduct must arise under either the Fourth or Eighth Amendments; rather, . . . if a constitutional claim is covered by a specific

constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *Id.* at 843. Thus, Plaintiff's Fourth Amendment claim does not foreclose additional constitutional and/or statutory claims not covered by the Fourth Amendment, such as claims related to Plaintiff's disabilities or impairments.

### B. Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly-situated should be treated alike. *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). In his proposed amended complaint, Plaintiff asserts that Defendant Pitzer is liable for intentional discrimination on the basis of mental and physical disabilities under § 1983 and the Equal Protection Clause of the Fourteenth Amendment. *Doc. 22, Ex. A*, at ¶ 75-77. Plaintiff claims that Defendant Pitzer knew or should have known that Plaintiff would have a more difficult time processing the officers' orders than a person without such disabilities and, accordingly, that he denied Plaintiff his right to equal protection guaranteed by 42 U.S.C. § 1983 and the Fourteenth Amendment.

Defendants counter, asserting that Plaintiff's proposed amended complaint does not allege the violation of a fundamental right or membership in a suspect class. Further, Defendants contend that there are no allegations that Plaintiff was treated differently than similarly-situated persons. Plaintiff, on the other hand, maintains that he has alleged facts which, if proven, would establish that he was treated differently than a non-disabled person would have been treated in the same situation. *Doc. 28* at 8. For

example, Plaintiff claims that as a result of his mental impairments, which were known to the officers, the officers "may have been more likely to view Plaintiff's behavior as threatening, and somehow, criminal." *Doc. 28* at 8.

The Court agrees with Defendants that Count III neither alleges a fundamental right or a suspect class[4]; nor does Count III assert that Plaintiff was treated differently than similarly-situated persons. Although Plaintiff makes the conclusory allegation that Defendant Pitzer's actions were "facially discriminatory," his equal protection claim is more akin to a disparate impact claim. The crux of his claim is that the officers did not properly take into account his disabilities in the way they treated him. For instance, Plaintiff suggests that, given his knowledge of Plaintiff's mental and physical disabilities, Defendant Pitzer should have afforded Plaintiff more time to process the officers' orders than would normally be required and that he should have attempted to reduce the stress of the situation. *See Doc. 22, Ex. 1*, at ¶ 75. In short, Plaintiff does not complain that he was treated differently than similarly-situated people but that he *should have been* treated differently.

In *Village of Arlington Heights v. Metro Housing Develop. Corp.*, 429 U.S. 252 (1977), the United States Supreme Court held that official action, though facially neutral, may nevertheless violate equal protection rights if there is a disparate impact on some, but only if there is proof that a discriminatory purpose was a motivating factor. *Id*. at 265. Similarly, in *Thompson v. Colorado*, 258 F.3d 1241 (10th Cir. Oct. 9, 2001), *overruled on other grounds by Guttman v. Kahlsa*, 446 F.3d 1027 (10th Cir. 2006), the Tenth Circuit reasoned that "[w]hen a state acts with invidious intent there is an Equal

---

[4] Although the disabled are protected by the Equal Protection Clause, they are not a suspect class. *See City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 442 (1985).

Protection violation even if no facial distinction has been made and the state action merely has a disparate impact on the disabled." *Id.* at 1251-52; *see also Lee v. City of L.A.*, 250 F.3d 668, 686-88 (9th Cir. 2001); *Erickson v. Bd. of Governors of State Colls. & Univs. for Northeaster Ill. Univ.*, 207 F.3d 945, 950 (7th Cir. 2000).

Thus, to state an equal protection claim based upon disparate impact, Plaintiff must allege that Defendant Pitzer had a discriminatory purpose. Plaintiff alleges, albeit in a somewhat conclusory manner, that "Defendant Pitzer is liable for *intentional* discrimination on the basis of a mental and physical disability." *Doc. 22, Ex. 1*, ¶ 77 (emphasis added). Additionally, he alleges that Defendant Pitzer knew of his seizure disorder and his desire to inflict harm upon himself and, yet, chose to conduct himself "in an escalated and aggressive manner" without using "mandatory CIT training" to reduce the stress of the situation. *Id.* at ¶ 72. Given these allegations, the Court concludes that it would not be futile for Plaintiff to assert his proposed equal protection claim. Whether Plaintiff can produce evidence sufficient to establish the alleged discriminatory intent by Defendant Pitzer is a question reserved for summary judgment or the finder of fact.

### C. ADA claim

Title II of the ADA prohibits discrimination in public services furnished by governmental entities. 42 U.S.C § 12131-12165. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A plaintiff must establish the following elements in order to prevail on an ADA claim: 1)

that he is a qualified individual with a disability; 2) that he was either excluded from participation in or denied the benefits of some public entity's service, programs, or activities, or was otherwise discriminated against by the public entity; and 3) that such exclusion, denial of benefits, or discrimination was by reason of his alleged disability. *Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999). The Tenth Circuit, in *Gohier*, considered whether a plaintiff could state a claim under the ADA based upon the conduct of law enforcement during the course of an arrest or seizure. *See id.* at 1220. The court discussed two potentially viable theories that have been recognized by other federal courts: the wrongful arrest theory and the reasonable-accommodation-during-arrest theory. *Id.* at 1221.

Plaintiff contends that Defendant Pitzer is liable under each theory. Defendants, in contrast, argue that Defendant Pitzer is entitled to qualified immunity for the ADA claim under either theory "[g]iven the 'open question' within the Tenth Circuit as well as the Fifth Circuit's rejection of an ADA claim premised upon an officer's seizure of a citizen" and Plaintiff's inability to prove a clearly established constitutional violation. *Doc. 25*, at 9.

The doctrine of qualified immunity, however, does not apply to Plaintiff's individual capacity ADA claims against Defendant Pitzer. Even if the law was clearly established as to the asserted ADA violations, the "ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition." *Butler v. City of Prairie Village, Kansas*, 172 F.3d 736, 743-44 (10th Cir. 1999); *see also Mason v. Stallings*, 82 F.3d 1007 (11th Cir. 1996). Thus, qualified immunity aside, Plaintiff cannot assert his ADA claim against Defendant Pitzer in his

individual capacity. Plaintiff does not assert an ADA claim against Defendant City of Albuquerque in his proposed amended complaint. As such, it would be futile to allow Plaintiff leave to add his ADA claim.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Amend be granted in part and denied in part. Specifically, the Court recommends that Plaintiff be permitted to amend his complaint to assert a claim against Defendant Pitzer for violation of his equal protection rights. On the other hand, the Court recommends that the Motion to Amend be denied, based on futility, as to Plaintiff's claims against Defendant Pitzer for violation of his substantive due process rights and for violation of the ADA.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE