IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUSSELL TENORIO,

    Plaintiff,

vs.                                          Civ. No. 12-01295 MCA/KBM
                                            Consolidated with
                                          Civ. No. 13-00574 MCA/KBM

BRIAN PITZER,
RAYMOND D. SCHULTZ, and
THE CITY OF ALBUQUERQUE,

    Defendants.

**ORDER ON MAGISTRATE JUDGE'S**
**<u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>**

This case is before the Court upon the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 113], the Court having previously referred Plaintiff's Opposed Motion to Amend Complaint [Doc. 22] to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). Although neither party has filed objections, the Court must still satisfy itself that there is no clear error on the face of the record. Fed. Civ. P. Rule 72, Advisory Committee Note to 1983 Addition. Having reviewed the written submissions of the parties, the record in this case, and the applicable law, and otherwise being fully advised, the Court finds clear error with respect to the Magistrate Judge's recommendation that Plaintiff be permitted to amend his complaint to add a claim asserting a violation of the Equal Protection Clause of the Fourteenth Amendment.

Fed. Civ. P. Rule 15(b) provides that "[t]he court should freely give leave [to amend] when justice so requires." However, a district court is not required to grant leave

to amend if amendment would be futile: *i.e.*, if the complaint as amended would be subject to dismissal for failure to state a claim. *Anderson v. Merrill Lynch Pierce Fenner & Smith*, 521 F.3d 1278, 1288 (10th Cir. 2008).

To plead a traditional class-based equal protection claim, Plaintiff must allege, *inter alia*, that Officer Pitzer selected or reaffirmed a course of action—*i.e.*, allowing Plaintiff only a few seconds to comply prior to using deadly force—"'because of,' not merely 'in spite of'" its tendency to deprive suspects with a seizure disorder a reasonable opportunity to avoid the use of deadly force. *See SECSYS, LLC v. Vigil*, 666 F.3d 678, 685 (10th Cir. 2012) (quoting *Personnel Adm'r of Mass v. Feeney*, 442 U.S. 256, 279 (1979)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff's proposed First Amended Complaint alleges that the dispatcher advised responding officers that the subject was "on meds for seizures." From this statement Officer Pitzer could have inferred that Plaintiff had a seizure disorder. Discriminatory intent is an extremely demanding state of mind requirement, requiring "more than 'intent as volition or intent as awareness of consequences.'" *Iqbal*, 556 U.S. at 676 (quoting *Feeney*, 442 U.S. at 279). Plaintiff's proposed FAC is noticeably lacking in factual allegations that would permit a factfinder to conclude that Officer Pitzer responded to Plaintiff any differently than he would have responded to any other subject who moved towards him carrying a knife after having been ordered to drop the knife. Thus, while the allegations of the proposed FAC may be sufficient to allege that Plaintiff would not have been shot "but for" his seizure disorder, which prevented him from comprehending the officers' orders, the

allegations do not plausibly support an inference that Officer Pitzer shot Plaintiff "because of" his disability.

If Plaintiff means to allege a "class of one" claim, his claim fails for the same reason: his failure to allege facts that give rise to a plausible inference that Officer Pitzer acted with discriminatory intent. *SECSYS*, 666 F.3d at 688 (observing that the class of one plaintiff "must proceed through essentially the same two steps a plaintiff alleging a class-based claim must. First, the class of one plaintiff must show he. . . was 'intentionally treated differently from others similarly situated.'") (*Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Officer Pitzer's "putative rule," *SECSYS* at 690— shoot any subject holding a knife who is ordered to drop the knife and fails to do so within 4 seconds of the order— applies to all subjects, mentally disabled or otherwise. "Without any differential treatment embodied in the challenged rule, no presumption of intentional discrimination arises." *Id.*

The Court's conclusion that Plaintiff has failed to allege a violation of the Equal Protection Clause is reinforced by the principle that the Equal Protection Clause does not require states to "make special accommodations for the disabled, so long as their actions toward individuals are rational." *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001). "If special accommodations for the disabled are to be required, they have to come from positive law and not through the Equal Protections Clause." *Id.* at 368. Here, "the gravamen of plaintiff's complaint is that defendants *failed* to treat disabled person differently from others similarly situated." *Lee v. City of Los Angeles*, 250 F.3d

3

668, (9th Cir. 2001). Plaintiff must look to "positive law," rather than the Equal Protection Clause, for relief.

**WHEREFORE, IT IS HEREBY ORDERED** that

The Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 113] is rejected as to the recommendation that Plaintiff be permitted to add an equal protection claim, and is affirmed and adopted in all other respects.

So ordered this 31st day of March 2014.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge